# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ORTEZ JONES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-1755 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Ortez Jones' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). <u>Johnson</u> held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The government opposes the motion, arguing that <u>Johnson</u> does not affect movant's sentence and he remains an armed career criminal. For the reasons below, the Court will grant movant's motion.

## I.   Background

On January 16, 2008, movant was indicted on one count of being a previously-convicted felon in possession of a firearm and an Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). <u>See</u> <u>United States v. Jones</u>, No. 4:08-CR-26 CAS (E.D. Mo.) On January 28, 2008, the Federal Public Defender was appointed to represent movant. Ultimately, movant opted to plead guilty.

The Court ordered the preparation of a presentence investigation report ("PSR") by the U.S. Probation Office. The PSR concluded that movant was an Armed Career Criminal, due to his prior convictions for two counts of robbery second degree, stealing a motor vehicle, and two counts of domestic assault second degree. PSR at ¶ 22 (Doc. 34 in Case No. 4:08-CR-26 CAS). The Court reluctantly concluded that movant was an Armed Career Criminal based on the robbery and

domestic assault and sentenced him to 180 months in prison, the statutory mandatory minimum sentence.[1] Movant's sentence was affirmed on direct appeal. See United States v. Jones, 574 F.3d 546 (8th Cir. 2009). On October 25, 2010, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which the Court denied in all respects on February 9, 2011. Jones v. United States, 4:10-CV-2037 CAS (E.D. Mo.).

On October 20, 2016, movant was granted authorization by the Eighth Circuit Court of Appeals to file a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Jones v. United States, No. 16-2357 (8th Cir. Oct. 20, 2016). In the instant motion, movant alleges that under Johnson, the four predicate violent felony convictions no longer qualify him as an armed career offender.

## II.     Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, 191 F.Supp.3d 989, 992-93 (W.D. Mo. 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

---

[1]The Court declined to address whether Mr. Jones' conviction for stealing a motor vehicle constituted a violent felony. 4:08-CR-26 CAS, Sent. Tr. at 13 (Doc. 39). At that time, Eighth Circuit case law held that vehicle theft was a violent felony within the residual clause definition in 18 U.S.C. § 924(e)(2)(B)(ii), see United States v. Sun Bear, 307 F.3d 707, 753 (8th Cir. 2002), but this was overruled in United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008), based on the intervening Supreme Court decision in Begay v. United States, 553 U.S. 137 (2008).

**III.    Discussion**

In the instant motion, movant asserts that his two 2001 Missouri convictions for second-degree robbery – incurred at the age of sixteen – and two 2005 Missouri convictions for domestic assault second degree no longer qualify as predicate offenses now that <u>Johnson</u> has declared the ACCA's residual clause unconstitutional.[2]  The government responds that despite <u>Johnson</u>, movant is still subject to the armed career criminal enhancement for several reasons: (1) the Supreme Court's <u>Johnson</u> decision does not apply to movant's claims because movant's status as an armed career offender does not rest on the ACCA's residual clause, in that movant's robbery convictions were classified as violent felonies under the elements/use of force clause of the ACCA, not the residual clause; (2) movant's claims are not cognizable in a successive habeas action because they are not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2), and instead are based on a statutory interpretation case, <u>Johnson v. United States</u>, 130 S. Ct. 1265, 1269 (2010) ("<u>Johnson I</u>"); and (3) even if the Court were to reach the merits of movant's claim, the Eighth Circuit's decision in <u>United States v. Bell</u>, 840 F.3d 963 (8th Cir. 2016), which held that a defendant's Missouri conviction for second-degree robbery was not a crime of violence under the Sentencing Guidelines, was wrongly decided.[3]

   *A.    The ACCA*

Movant's claim for relief relies upon the Supreme Court's decision in <u>Johnson</u> that the residual clause of the ACCA is unconstitutional. Ordinarily, the crime of being a felon in possession

---

[2]Movant states in his Reply that if the Court determines his second-degree robbery convictions do not qualify as crimes of violence under the ACCA, there is no need to determine whether the domestic assault second degree convictions are ACCA crimes of violence. (Reply at 6, Doc. 10.)  Because the Court concludes that movant's second-degree robbery convictions are no longer ACCA crimes of violence, it does not address the domestic assault convictions.

[3]With respect to its third argument, the government ultimately states it appreciates that "this Court is bound by Eighth Circuit law[.]"  Govt. Response at 13.

3

of a firearm in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by Johnson, see 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(B)(ii) (the "enumerated offenses clause"), are still effective. Id. at 2563. Recently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

    *B.  Movant's Robbery Convictions Were Not "Elements/Use of Force" Convictions*

    The government contends, without citation to any support, that movant's second-degree robbery convictions were "elements/use of force" convictions and not residual clause violent felonies. The Court has reviewed the indictment, the presentence report, and the sentencing transcript in the underlying criminal case. There is no mention in any of these documents as to the specific basis for movant's sentence under the ACCA. This is not surprising, as "[n]othing in the law requires a judge to specify which clause of § 924(c) . . . it relied upon in imposing a sentence." In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016). At the time of movant's sentencing there was no need to distinguish between the different clauses of the ACCA, and no need to invoke any specific clause when the Court found that movant qualified as an armed career criminal. Givens v. United States, 2016 WL 7242162, at *4 (E.D. Mo. Dec. 15, 2016) (citing United States v. Gabourel,

192 F.Supp.3d 667, 671 (W.D. Va. 2016)). The Court therefore rejects the government's unsupported argument that movant was sentenced under the ACCA's "elements/use of force" clause.

Further, this Court has held that "[i]n a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause." Bevly v. United States, 2016 WL 6893815, at *1 (E.D. Mo. Nov. 23, 2016) (citing Johnson v. United States, 2016 WL 6542860, at *2 (W.D. Mo. Nov. 3, 2016)); see also Givens, 2016 WL 7242162, at *4; Ladwig, 2016 WL 3619640, at *3. The Court will follow its precedent and proceed to the merits of movant's motion.

  *C. Movant Meets the Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states that a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Separately, Section 2255(h)(2) requires that a second or successive habeas motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The government argues that movant's motion does not present a cognizable claim because it is not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). The government contends that movant's "attack on his robbery second degree convictions relates to the requisite force required and are [sic] therefore *not* rooted in Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson I) but, instead, are rooted in Johnson v. United States, 130 S. Ct. 1269 (2010) (Johnson)," and the latter is a "statutory interpretation case, not a case announcing a new rule of constitutional law." Gov't Response at 7.

5

As this Court and other courts have recognized, it is Johnson, and not earlier Supreme Court decisions such as Johnson I, that may offer persons such as movant relief from his status as an armed career criminal. See Darden v. United States, 2017 WL 168458, at *2 (E.D. Mo. Jan. 17, 2017) (second § 2255 motion challenging Missouri second-degree robbery as ACCA crime of violence rested upon Johnson); Givens, 2016 WL 7242162, at *4; Taylor v. United States, __ F.Supp.3d__, 2016 WL 6995872, at *3-5 (E.D. Mo. Nov. 30, 2016); Hayes v. United States, 2016 WL 4206028, at *2 (E.D. Mo. Aug. 10, 2016); see also United States v. Winston, __ F.Supp.3d __, 2016 WL 4940211, at *2 (W.D. Va. Sept. 16, 2016); United States v. Ladwig, 192 F.Supp.3d 1153, 1159-60 (E.D. Wash. 2016); United States v. Winston, 2016 WL 2757451, at *2-3 (W.D. Va. May 11, 2016).

This is because without Johnson's invalidation of the ACCA's residual clause, movant could not have a claim under Johnson I that he is not an armed career criminal. Although the Supreme Court held in Johnson I that the "element of force" definition in 18 U.S.C. § 924(e)(2)(B)(i) required "*violent* force . . . force capable of causing physical pain or injury to another person," Johnson I, 559 U.S. at 141, movant could not obtain relief as long as the ACCA's residual clause existed, as even non-violent stealing from a person still qualified as a violent felony under the residual clause. See United States v. Hennecke, 590 F.3d 619, 622-24 (8th Cir. 2010) (Missouri stealing-from-a-person is a crime of violence as it otherwise involves conduct that presents serious potential risk of physical injury to another), cf. United States v. Langston, 800 F.3d 1004, 1005 (8th Cir. 2015) (government concedes that Johnson invalidated Missouri stealing-from-a-person as a crime of violence). Movant's right to relief, therefore, rests squarely on Johnson.

Because Johnson provides movant with an avenue of relief that was not previously available to him, his motion utilizes that decision and therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court therefore rejects the government's argument.

D.  *Missouri's Crime of Second-Degree Robbery Does Not Qualify as a Violent Felony Under the Elements Clause of the ACCA*

Movant argues that his Missouri second-degree robbery convictions no longer qualify as violent felonies now that the ACCA's residual clause has been invalidated. Movant states that because the Missouri statute criminalizes conduct falling short of violent force, a conviction under it cannot qualify as an ACCA crime of violence, citing the Eighth Circuit's decision in Bell, 840 F.3d 963. The government argues Bell was wrongly decided, but concedes that this Court is bound by the Eighth Circuit's decision.

In Bell, the Eighth Circuit held that Missouri second-degree robbery is not a "crime of violence" under the Sentencing Guidelines, U.S.S.G. § 4B1.2. The Eighth Circuit identified Missouri's second-degree robbery statute as setting forth a single indivisible crime, and applied the categorical approach to determine whether a conviction under the statute qualified as a violent felony. Bell, 840 F.3d at 964-65; see also Darden, 2017 WL 168458, at *3; Bevly, 2016 WL 6893815, at *2. Under the categorical approach, courts focus solely on the generic elements of the offense and not on the specific facts underlying the defendant's conviction. Bell, 840 F.3d at 964-65.

The Eighth Circuit analyzed whether the amount of physical force required under Missouri's second-degree robbery statute rose to the level of physical force required for a crime of violence under the Guidelines, and concluded it did not. Id. at 965-68; see also United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016). The Eighth Circuit examined Missouri state court decisions that held a defendant could be convicted of second-degree robbery when he had physical contact with a victim but did not cause physical pain or injury. The Eighth Circuit concluded that Missouri's second-degree robbery statute criminalized conduct falling short of the "violent force" found

necessary by the Supreme Court in Johnson. Bell, 840 F.3d at 967. Thus, Bell's prior conviction of second-degree robbery in Missouri did not qualify as a crime of violence.

The Eighth Circuit treats authority interpreting the term "crime of violence" under the Sentencing Guidelines as applicable in interpreting "crime of violence" under the ACCA. See United States v. Olsson, 742 F.3d 855, 855 n.1 (8th Cir. 2014) (citing United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011) ("To determine whether a previous conviction is a crime of violence under [the Sentencing Guidelines], we often have looked to the case law interpreting 18 U.S.C. § 924(e)(2)(B), a provision of the [ACCA] that defines the term 'violent felony' using similar language.")). Therefore, while Bell held a Missouri second-degree robbery conviction did not qualify as a crime of violence under the Sentencing Guidelines, this Court can apply Bell to its interpretation of crime of violence under the ACCA. Id.; Darden, 2017 WL 168458, at *3. Under Bell, the Court finds movant's prior convictions for second-degree robbery do not qualify as crimes of violence and predicate prior convictions for purposes of the ACCA.

Because movant does not have the requisite three prior convictions for violent felonies, he is not subject to sentencing under the ACCA.

**IV. Conclusion**

Movant's 2001 Missouri convictions for second-degree robbery do not qualify as violent felonies under the elements/use of force clause of the ACCA. Under the Supreme Court's holding in Johnson, these convictions no longer qualify as violent felonies based on the unconstitutional residual clause of the ACCA. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," see 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is therefore entitled to be resentenced.

8

Accordingly,

**IT IS HEREBY ORDERED** that movant Ortez Jones' Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the judgment and commitment in <u>United States v. Ortez Jones</u>, No. 4:08-CR-26 CAS, filed August 5, 2008 (Crim. Doc. 32) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Jones. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Mr. Jones' detention order (Crim. Doc. 14) remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:08-CR-26 CAS.

An appropriate judgment will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of February, 2017.